## MIAMI VALLEY COOPERATIVE MILK PRODUCERS ASSN. v HILDEBRANDT

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1628.   Decided July 26, 1940.

Swaney & Creager, Dayton, and Edward J. Tracy, Dayton, for plaintiff-appellant.

Kelly, Knee & Wick, Dayton, for defendant-appellee.

248

## OPINION

BY THE COURT:

This is an appeal on questions of law.

Plaintiff in its amended petition avers that it is a cooperative marketing association operating in the Dayton Marketing Sales Area under authority of the Ohio Milk Marketing Commission; that the defendant was a Milk Dealer engaged in the operation of a business known as Hildebrandt Dairy in the Dayton Marketing Sales Area; that the plaintiff was authorized by the Ohio Marketing Commission to collect from defendant and other Milk Dealers in the Dayton Area money due to the Equalization Fund in the amount of four cents per hundred weight of milk, which defendant and other dealers were required to deduct from producers and pay monthly to the said marketing department; one cent per hundred which defendant and other dealers were required to deduct from producers and pay for the purpose of the Dairy Council; one cent per hundred weight which defendant and other dealers were required to pay for themselves for the Dairy Council and to collect expenses for the Grievance Committee and other miscellaneous charges of the Milk Department from the said defendant and other dealers.

The first cause of action is for judgment in the sum of $37.62 representative of a balance of total deductions made by defendant of four cents per hundred weight from producers in the amount of $684.02 of which defendant paid plaintiff the sum of $646.40, leaving a balance of $37.62, for which upon demand defendant refused to pay plaintiff.

The second cause of action was for the sum of $1.07, which it was averred that defendant was required to pay the plaintiff on account of the Equalization Fund theretofore in the petition defined.

The third cause of action was for the balance claimed to be due from defendant for sums which he owed to plaintiff on account of the Dairy Council.

The fourth cause of action was for the balance claimed to be due the plaintiff for monies paid out by it for the defendant on the account of the Grievance Committee and the fifth cause of action was for monies which plaintiff alleged it was required to pay out upon orders of the State Milk Commission for defendant on account of miscellaneous charges, which sum defendant upon request had refused to pay.

Defendant answered in the manner of a general denial and set up a cause of action against the plaintiff by cross petition and the cause came on to trial to a jury. One of counsel for plaintiff made his opening statement to the jury at the conclusion of which the defendant moved for dismissal of the petition upon the statement to the jury.

The court upon consideration sustained the motion, withdrew a juror and continued the cause on the cross petition of defendant. Motion for new trial was filed and overruled and judgment entered on the order of the court sustaining the motion of defendant to dismiss. From this judgment the appeal is prosecuted.

After the case had come into our court, upon suggestion of counsel for the plaintiff-appellant that the record was incomplete in that it did not include a certain order of the State Milk Commission to which reference was made in the opening statement, we remanded the bill of exceptions to the trial judge for diminution of the record, if required, to accord with the facts. The court held that the record was complete and it comes to us without the order.

The opening statement is extended and we have read it very carefully. It is obvious that the Burke Act, by authority of which the parties were acting, was not in itself sufficient basis for the recovery of plaintiff against the defendant in this action. In any view of its terms it required definite specific action relating to the area defined as the Dayton Marketing Sales Area and

to the dealers, producers and contracting distributors who by agreement had set up the terms and conditions under which they would operate. The agreement, upon which the defendant was a signer, affecting these three agencies was once referred to in the opening statement. It was not said that it would be offered nor was it made a part of the record. We find a separate document which is designated "agreement" and to which the defendant was a signatory among the papers but we cannot consider it upon the appeal. What purports to be orders of the Ohio Marketing Commission approving the agreement and promulgating certain requirements to be observed is likewise among the papers but no part of the record. Without further comment it is evident that both the agreement and the order were essential to a statement of a cause of action in any particular on behalf of the plaintiff and against the defendant. The assumption of counsel that the order supported plaintiff's claim was nothing more than a mere conclusion of law and it may be that the court upon consideration of the order did not agree with the conclusion reached by counsel.

We must indulge every presumption to support the correctness and regularity of the action of the trial judge. So doing, we are required to say that there is not sufficient subject matter appearing in the opening statement which requires or will permit us to hold that the court committed prejudicial error in sustaining the motion of defendant at the conclusion of plaintiff's opening statement.

The judgment will be affirmed.

HORNBECK, PJ. & GEIGER, J., concur.
BARNES, J. concurs in judgment, but for different reason.